Dany Rojas-Vega
100 Metros al Sur y 60 Metros al Oeste
De la 'discoteca el "priviligio
Cocal-Puntarenas,
Costa Rica, Central America".
Phone # (619)752-8894
Email danyrojas4@gmail.com

```
                        FILED
                     SEP 2 7 2018
              CLERK, U.S. DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
             BY                     DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DANY ROJAS-VEGA
    Plaintiff-Petitioner,

Vs.

United States of America: United States
Bureau of Immigration Customs Enforcement, *et al.*,
    Defendants.

Docket Number: **3:18-CV-02114 LAB-MDD**

Presiding Judge: Hon. **LARRY ALLAN BURNS**

## BREACH OF CONTRACT AND TORT COMPLAINT

Plaintiff *Danny Rojas-Vega* in pro se capacity respectfully files this complaint for breach of contract against Immigration Customs and Enforcement ('ICE'), Immigration and Naturalization Service ('INS'), successor relating to a plea bargain made in open court and incorporated into the record of the San Diego Municipal Court (no Superior Court) central division in the State California County of San Diego. Plaintiff has exhausted all administrative remedies with ICE. See Attached letter dated March 16, 2018 as Exhibit 1. [Ex 1.]. Plaintiff seeks monetary and punitive compensation for all damages ICE (INS's successor) committed against Plaintiff dating back to 1995 because ICE made certain that "specific performance or vacating" conviction on due process violations be closed off by Defendant's unlawful actions, at this point no other plausible remedies exist, is complex and unreachable or is extremely inadequate at this point.

## PARTIES

1. Dany Rojas-Vega is the proper Plaintiff in this case in that he is injured party to the plea bargain that INS breached which he suffered irreparable harm not only from defendants breaching its end of the bargain but from covering up the plea bargain, at all cost

without regard to plaintiff's due process and equal protection rights, his liberty, his physical safety and his psychological well being all to avoid responsibility and accountability. . .

2.      Countless of Unknown and known Federal Officials from former Immigration and Naturalization Service ('INS'), are being sued in their "official" and "personal" capacities, are the proper defendants.

3. Immigration Customs and Enforcement ('ICE') is the proper defendant in that this is an 'executive agency' within the meaning of Title 41 § 133 (1) in that it's a component of the Department of Homeland Security ('DHS') which when the plea agreement and breach occurred was a component of Department of Justice ('DOJ'), its address is

**Adjudicating Office:** U.S. Department of Homeland Security ('DHS')
500 12th Street. SW. Mailstop 5900
Washington D.C. 20536

**Violating Office**: **San Diego Office of Chief Counsel**
880 Front Street Room 2246
San Diego, CA
Phone: (619) 436-0277

4. The Department of Homeland of Security ("DHS") is the proper defendant in that this is an 'executive agency' within the meaning of Title 41 § 133 (1) in the main component of ICE, which when the plea agreement and breach occurred was a
component of Department of Justice ('DOJ'), its address is

5.  The United States is the proper defendant because the Federal Tort Claim Act ('FTC')'s general waiver of sovereign immunity, subjecting the United States to liability "to the same extent as a private individual under like circumstances," 28 U.S.C. §,

Plaintiff will amend this Complaint to show the names of the known and and capacities of these defendants when the same have been ascertained. Plaintiff is aware and believes that each will be named defendant is responsible in law and in fact for the obligations alleged herein.
Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was acting within or outside the scope and course of his or her agency and employment..

## I.      JURISDICTION

1.      This United States Court of Federal Claims has concurrent jurisdiction along with the District Courts over this breach of contract relating to a negotiated plea agreement pursuant to 28 U.S.C. §§ 1346(b) and 1491.

This Court has jursidcition because the Tucker Act permits three kinds of claims against the government: (1) contractual claims, (2) noncontractual claims where the plaintiff seeks the return of money paid to the government and (3) noncontractual claims where the plaintiff

asserts that he is entitled to payment by the government.

This District Court has jurisdiction for $10, 000.00 dollars in damages for breach of contract relating to a breach of plea agreement which remains delinquent. *See* 28 U.S.C. § 1346(b), because it was filed within six years since Plaintiff's conviction was vacated on July 25, 2015.

2. This district court also has jurisdiction over plaintiff's Federal Tort Claim Act ("FTC") claim codified in 28 U.S.C. §1346(b), §1402(b), because both of Plaintiff's contractual and constitutional rights have been violated by agency which the violations continue to mount.

3. This District Court has 28 U.S.C 1331 original jurisdiction arising under the Constitution, laws, or treaties of the United States. In this case the District Judge for the Southern District of California in **Dany Rojas-Vega v. Hughes, et al., 07-1540 DMS (JMA) (D.D.C. Jan 30, 2009)** ruled that: ("[Because] plaintiff has not alleged that his conviction has already been invalidated a section 1983 claim for damages has not yet accrued . . "). Plaintiff breach of contract claims is timely since his case was vacated in July 2015 on statutory grounds of Penal Code (CPC)§ 1016.5, the Immigration Appeals granted plaintiff's requested and reopened proceedings and terminated deportation proceeding on 8-16-2016 based on apparent defect underlying his criminal conviction under CPC 1016.5. . .

## STATEMENT OF CASE

4. On October 06, 1995 plaintiff entered into plea bargain negotiations with the Immigration and Naturalization Service ("INS") through the prosecuting attorney. *See* California Penal Code § 1016.5 (d)

5. Plaintiff accepted the terms that Plaintiff change his not guilty plea and demand for trial for a Business and Professions Code § 4149 violation and plea guilty to a more severe non-included and amended offense for violating California Health and Safety Code § 11364 " in exchange that their will never be any troubles with INS for that particular conviction."

6. The plea bargain was judicially accepted and the "no troubles with INS would ever result was placed on the record and consummated in the rendition of judgment. *See Rojas-Vega v. USCIS* 132 F. Supp. 3d 11, 14 (D.C. 2015)

7. Plaintiff asserts that no state court record exist reflects or supports that a notice of appeal was ever filed within the regulatory 30 days after rendition of judgment. *See* California Rules of Court §8.852(a), accordingly to regulatory law supports that the judgment became final on November 6, 1995 when no appeal was filed. See; *id* at §8.853(a)

9. *Consequently,* as a matter of regulatory law despite any "errors of law or of fact" associated with the plea bargain the terms of the plea bargain was equally binding on INS now ICE as plaintiff was bound by his guilty plea. See; *id* at §8.853(a).

9. *Hence,* Plaintiff avows that despite the finality of judgment on August 30, 2001, INS breached the "*no troubles ever with INS for that partricluar conviction*" clause of the plea agreement by "'arresting', 'imprisoning plaintiff without bail', and 'initiating deportation proceedings against plaintiff solely based on the conviction occurring on October 6, 1995 eventually deporting plaintiff to his Country of birth.'"

10. Plaintiff further asserts that to date ICE has offered no evidence that (1) Ruben Flores-Villar, the INS official was contacted by the state; (2) Did not assent to the plea bargain; (3) was not employed by INS; (4) Did not act within the scope of his employment or (5) that he was not given authority to enter into plea agreements on behalf of the INS on the subject of the Immigration and Nationality Act (INA) decisions.

11. Wherefore, Plaintiff affirms that his proceedings were specially tailored avoid and completely circumvent his substantive breach of plea agreement and demand for mandatory specific performance claims from 2001 to the date of his removal from the U.S.

12. As a result, Plaintiff attest that he was deprived of his liberty without due process of law because he was not heard in any meaningful time or manner.

13. Furthermore, plaintiff maintains that once plaintiff raised his non-discretionary demand for performance before the immigration judge the only jurisdiction the immigration court had was at that point as matter was to determine of it had by virtue of the literal terms of the plea bargain if it had jurisdiction.

14. Plaintiff testifies, both his "contractual" and "constitutional" rights were violated from outset of proceedings to every single proceedings thereafter by circumventing his claims for performance to avoid responsibility and accountability to date the harm continues to mount.

15. Plaintiff further certifies that he attempted to get relief in the state courts by having his

conviction vacated on due process violations relating to the October 6, 1995 state proceedings with no success due to the lack of transcripts to said proceedings.

16. Plaintiff maintains that substantial evidence has been collected to support negative inference showing that Gloria Gambia legal assistant for former INS now ICE obtained the transcripts to said proceedings as early as Sept 20, 2001, took tactical steps to prevent plaintiff from obtaining his own copy to evade responsibility and accountability which has kept plaintiff remediless.

17. Plaintiff further asserts that during the window period from August 31, 2001 date of plaintiff's arrest INS had extremely easy access to the transcripts since it was stored the Superior Court right across the street from ICE's San Diego branch office until October 2003.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

18. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs four through ten above.

19. Plaintiff's seeks the statutory amount of $10, 000.00 dollars in damages for breaching the "no troubles ever with INS"clause of the plea bargain that was enforceable against ICE when it was breached which plaintiff raised from day one on August 31, 2001. See ¶ 1 above

20. Plaintiff seeks this monetary relief because its beyond doubt that defendants did not have any intention of complying with performing their end of (*"no troubles with INS for that particular conviction"*) clause of the bargain by rescinding, voiding or terminating proceedings against plaintiff

## Count Two Defendant INS/ICE Conspired Against Plaintiff To Deprive Him Of His Right To Enforce His Contract Against Defendant

Pursuant to 42 USC §§ 1983, 1985(3), and § 1981 defendant's are liable to plaintiff because he was a "non-citizen" and "lawful permanent resident ('LPR') at the time when the violations took place asserts that as early as Sept 20, 2001, Gloria Gamba) legal analysts and other unknown district counsels, INS officials and others made a conscious and knowledgeable decision to 'conspire' against plaintiff to deprive him of a "fundamental record" his own copy of the October 1995 transcripts to his state "change of

plea proceedings".

42 U.S.C §1983, A conspiracy is "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another . . . ." Vieux v. E. Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir. 1990). A plaintiff may seek recovery for a conspiracy under 42 U.S.C. § 1983. See Klingele v. Eikenberry, 849 F.2d 409, 413 (9th Cir. 1988). The elements of a conspiracy cause action under § 1983 are: "(1) the existence of an express or implied agreement among the defendant officers to deprive [the plaintiff] of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). The agreement or "meeting of the minds" between the defendants "need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010); Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Crowe, 608 F.3d at 440; Mendocino, 912 F.3d at 1302.

21. Once plaintiff raised the breach of the 1995 plea agreement from outset, Defendant's had a legal obligation to have obtain their own copy of the 1995 transcripts for their own protection and preservation of its own interest in the event they were sued for monetary damages for "breach" claims.

22. Defendant' INS had extremely easy access from 2001 to 2003, Defendant's San Diego INS branch office was a four minute walk from where the transcripts were stored (from 2001 to October 2003) right across the street from the San Diego County Courthouse Central Division where the transcripts were located.

23. Plaintiff supports his claims that Defendant INS obtained the transcripts as early as Sept 2001 because the record reflects its trial attorney's from very first hearing to the last which the substantial claims of "breach of plea" and demand for specific performance" was raised countless of times in every subsequent individual proceedings, which plaintiff raised these extremely claims and demands ICE stood mute, never once uttering an objection to the serious claims that they were in direct violation of breaching the "no troubles with INS for the particular conviction" clause of the 1995 plea bargain, e.g., claims are outrageous, delusional, insane, unsupported. . . .

24. Defendant INS, knew or should have known that plaintiff's 'due process and equal protection of the laws' were violated because he was precluded from proffering the 1995 transcripts evidence in agency to 'successfully' support his contractual right to "demand for specific performance" in agency proceedings. Thus, defendant agency and its agents violated plaintiff's "'First Amendment' constitutional right to petition the government" by intentionally depriving him of the basic and fundamental record to support his for his defense before its courts and on review.

25, Plaintiff seeks the Court to consider the following: (1) ICE's had a legal obligation to have obtained the transcripts for its own preservation purposes once plaintiff raised

substantive non-discretionary claims that went to its waiver of authority over plaintiff; (2) ICE was completely silent in all of its own proceedings every time plaintiff's raised serious claims of breaching a non-discretionary duty; (3) ICE had extremely easy access to the transcripts from 2001 to 2003 while plaintiff's access was made impossible despite the timely of request after request at the state and federal level: make negative inferences that ICE is liable to plaintiff for all the harm that he has suffered that keeps mounting.

26. Unless defendants produces said transcripts or explains reasonably explains why in the face of serious breach of plea claims demand for non-discretionary performance they didn't or couldn't have obtained their own copy of the state transcripts for which plaintifff was processed in the face of his claims and with such easy access.

## Monetary Damage Relief Sought

Under both California Civil Code § 3300 and Restatement (Second) of Contracts (1981) § 1 *et seq* §371 specifically § 344, plaintiff seeks the following amount of monetary damages from defendants for all the irreparable damages done to plaintiff from the not only the breach but the evasion that can only be approximately calculated:

27. $ 75, 556 dollars a year which is what California pays to house prisoners a year plaintiff seeks $ 75,556 a year for Five (5) years he was imprisoned which amounts to $ 377, 780 dollars

28. $ 906, 672 additional dollars for the tweleve (12) years that plaintiff remains restrained from his liberty by the removal of the United States of plaintiff's person in violation of the plea agreement this remains in prison.

Totaling approximately, **$ 1, 284, 452 dollars,** ranging from the five years if actual imprisonment to the actual removal of plaintiff from the U.S, which plaintiff is no less imprisoned since he is constrained from entering in the U.S legally.

29. **$ 143, 646** dollars a year at an average of $ 35,00 dollars an hour for twelve (12) hours a day unnecessarily researching the law for 54 weeks a year without overtime wages for seventeen (17) years non-stop. Totaling an approximate amount of **$ 2,441, 982**

30. **$ 3,000,000** dollars for the physical and mental harm that plaintiff has suffered while in ICE custody.

31. **$ 10,000,000**, dollars for intentionally depriving plaintiff of his own copy of the Oct 6, 1995 transcript in agency proceedings to date.

### Punitive Damages

Pursuant to both Restatement (Second) of Contracts (1981) § 1 *et seq* §371 specifically §355 and California Code, Civil Code (CC) §§ 1646.5 §§ 1427 et seq 1431.1 .,C.C. 3294, 3295, exemplary or punitive damages, are recoverable not from the breach of contract but defendant evasion cover-up of the transcripts which these wrongful and unconstitutional acts is also a tort action.

32. Plaintiff seeks that ICE ordered to pay the amount of $ 50,000,000 dollars in punitive damages as deterrent for them and to deter future agency from this type of

misconduct that evades its legal and constitutional obligations causing irreparable harm to the plaintiff

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38(b) plaintiff seeks trial by jury on all issues so triable.

**In closing** Plaintiff reserves the right to additional counts and naming proper defendants amending the complaint once he is granted his motion to participate in the CM/ECF filings system.

WHEREFORE PLAINTIFF PRAYS for judgment against defendants, and each of them as follows:

1. For the sum of $10,000 (little tucker) for breach of contract and the value of its

performance

2. Grant **$ 1, 284, 452** dollars, in monetary damages for his unlawful imprisonment and continued restraint on his liberty

3. Grant of **$ 2,441, 982** dollars in monetary damages for all the unnecessary legal research within the last 17 years that has been forced to assume.

4. Grant **$ 3,000,000** dollars for the physical and mental harm that plaintiff has suffered while in ICE custody

5. Grant $ 10,000,000, dollars for intentionally depriving plaintiff of his own copy of the Oct 6, 1995 transcripts

6. Grant $ 50,000,000 dollars in punitive damages as deterrent for this type of misconduct

I declare under penalty of perjury pursuant to the laws of the United States that forgoing is true and correct. 28 U.S.C. § 1746(1)

Sincerely

Executed 15/09/18

"/S\ Dany Rojas-Vega"
DANNY ROJAS

SDC

## CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I, DANY ROJAS-VEGA, the undersigned, certify, and do declare I am over the age of 18 years, and am party to the attached foregoing cause of action on Saturday, September 15, 2018. I caused to serve a true copy of the following documents:

1. **BREACH OF CONTRACT AND TORT COMPLAINT: (2) MOTION FOR LEAVE TO PROCEED IN FORMAL PAUPERIS: (3) MOTION FOR LEAVE FOR CM/ECF PASSWORD: SUPPORTING EXHIBITS**

By placing the original in a separate sealed self-addressed envelope with full-prepaid stamp affixed to envelop and depositing it in a Post Office mail box located in COSTA RICA, addressed to:

> Clerk of Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego CA, 92101

Respectfully Submitted

_____
Dany Rojas-Vega
100 Metros al Sur y 60 Metros al Oeste
De la 'discoteca el "privilegio
Cocal-Puntarenas,
Costa Rica, Central America".
Phone # (619)752- 8894
Email danyrojas4@gmail.com

I declare under penalty of perjury pursuant to the laws of the laws of the United States that the foregoing is true and correct. 28 U.S.C. §1746

Office of the Principal Legal Advisor

U.S. Department of Homeland Security
500 12th Street, SW, Mailstop 5900
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

March 16, 2018

Mr. Dany Rojas-Vega
100 Metros al Sur y 60 Metros al Oeste
De la discoteca el "priviligio"
Cocal-Puntarenas,
Costa Rica, Central America

Re: Tort Claim of Dany Rojas-Vega

Dear Mr. Rojas-Vega,

Our office is in receipt of the tort claim for damages dated February 20, 2018, in the amount of $10,000,000.00 for an alleged incident which occurred on August 31, 2001.

The Federal Tort Claims Act (28 U.S.C. § 2671 et. seq.) grants to each federal agency the authority to consider, and settle administratively, claims for personal injury or property damage caused by the negligent or wrongful acts or omissions of an employee of the government while acting within the scope of employment. After evaluating your claim, our office has determined that your administrative claim is denied.

This letter is furnished as notice that the agency has considered the claim and has denied it. If you are dissatisfied with this determination, you may file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification of denial. 28 U.S.C. § 2401(b).

Very truly yours,

Scott A. Whitted
Deputy Chief
District Court Litigation Division

REGISTERED MAIL
RETURN RECEIPT REQUESTED

Recieved on April 10, 2018
by Dany Rojas

Complaint
Attacheed
12 of 12

ECF
IFP