# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| DANY ROJAS-VEGA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. 18cv2114-LAB (MDD)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkts. 2, 4];**<br><br>**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE [Dkt. 3].** |
|---|---|

On September 11, 2018, Plaintiff Dany Rojas-Vega (Rojas) filed this action against the Bureau of Immigration and Customs Enforcement (ICE), the Immigration and Naturalization Service (INS), and the Department of Homeland Security (DHS), alleging breach of contract related to a 1995 plea bargain in Rojas' state criminal case. Before the Court could screen his complaint, Rojas filed an amended complaint on September 27, 2018, which added an additional cause of action for conspiracy under 42 U.S.C. §§ 1983 and 1985. Pending before the Court is his petition to proceed *in forma pauperis*.

**1.    Background**

According to his complaint, Rojas is a Costa Rican citizen who was charged in 1995 with violation of various state drug laws, including Cal. Bus. & Prof. Code § 4149

1  (distribution of hypodermic needles) and Cal. Health and Safety Code § 11364
2  (possession of drug paraphernalia). Dkt. 1 at 3. As part of his plea agreement, he pled
3  guilty only to violation of § 11364 in exchange for, as he describes it, there "never be[ing]
4  any troubles with INS for that particular conviction." *Id.* Despite the protection Rojas
5  claims the plea deal provided, INS proceeded to institute deportation proceedings based
6  on his conviction, and Rojas was eventually deported back to Costa Rica. *Id*. at 3-4.

This is at least the ninth case Rojas has brought in this Court challenging some aspect of either his conviction or deportation. *See Rojas-Vega v. Ashcroft, et al.*, 02-cv-2431; *Rojas-Vega v. Ashcroft, et al.*, 02-cv-2509; *Rojas-Vega v. USA*, 03-cv-1054; *Rojas-Vega v. Ridge, et al.*, 03-cv-2429; *Rojas-Vega v. Ashcroft, et al.*, 04-cv-2215; *Rojas-Vega v. Hughes et al.*, 07-cv-1540; *Rojas-Vega v. Cejka, et al.*, 09-cv-2489; *Rojas-Vega v. USCIS*, 13-cv-172. But the current iteration of his challenge is for breach of contract and conspiracy. Specifically, he alleges that the plea bargain was a contract and that INS' decision to deport him after his conviction breached that contract. Dkt. 1 at 5 ("Plaintiff[ ] seeks the statutory amount of $10,000[ ] dollars in damage for breaching the 'no troubles ever with INS' clause of the plea bargain that was enforceable against ICE . . . ."). His stated bases for jurisdiction are the Tucker Act and the Federal Tort Claims Act.

In his amended complaint, Rojas retains his breach of contract claim but adds an additional claim for violation of 42 U.S.C. § 1983 (and related statutes) on grounds that INS officials "conspire[d] against plaintiff to deprive him of a 'fundamental record' of his … transcripts." Dkt. 3 at 5. Rojas' complaint states that once he first raised the argument that INS had "breached" the plea agreement beginning in 2001, INS was under a duty to obtain their own copy of the transcript, which they could provide to him so that he could support his breach of contract argument. *Id*. at 6. Their failure to do so, in Rojas' view, constitutes a conspiracy to deprive him of his constitutional rights.

### 2. Motion to Proceed IFP

Rojas' IFP application states that he is not permanently employed, but maintains "scarce side jobs" that provide just enough money to "pursue this legal issue and cover

necessities" – approximately $100 to $200. Dkt. 4 at 2. His only assets are the computers and printers he maintains for the purpose of pursuing his legal claims. *Id.* He also states that he lives with his parents and is indebted to them for rent, utilities, and food. *Id.* The Court finds Rojas is unable to pay the filing fee; therefore, his motion to proceed IFP is **GRANTED.**

When a plaintiff is permitted to proceed IFP, the Court is required to screen the complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The standard for whether the plaintiff failed to state a claim upon which relief may be granted under section 1915(e)(2)(B) is the same standard applied for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, the complaint must allege enough facts that, if true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, the court will assume the facts, but not the legal conclusions, to be true. *Id.* at 679. The Court will construe a pro se plaintiff's pleadings liberally, but will not supply elements of the claim that were not pleaded. *See Byrd v. Maricopa County Sherriff's Dept.*, 629 F.3d 1135, 1140 (9th Cir. 2011).

### 3. Breach of Contract Claim

Although breach of contract claims against the United States government generally fall under the jurisdiction of the Court of Federal Claims, the Tucker Act gives district courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2) (emphasis added). The Tucker Act constitutes a waiver of sovereign immunity as to certain breach of contract claims, but it "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *See Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001). Given those limits, the Federal

Circuit has held that a breach of a plea agreement does not give rise to a claim for money damages under the Tucker Act unless there is unmistakable language in the agreement subjecting the United States to monetary liability in the event of breach. *Id.* at 1335-36.

Here, because Rojas does not plausibly plead that the plea agreement contained unmistakable language providing for monetary liability, he cannot state a cognizable claim. Rojas does not provide the Court with the transcript of his plea agreement. Instead, he quotes snippets of the agreement, apparently from memory. He recalls that one of the terms was that there "will never be any troubles with INS for [his] conviction." Dkt. 1 at 3. He recites this term of the plea deal multiple times in his complaint, each time in a slightly different way. There is no indication in the complaint that the plea deal, which took place in California state court, contained any terms involving the United States, much less that the plea deal contained "unmistakable language" subjecting the United States to monetary penalties in the event of breach. As such, Rojas' claim under the Tucker Act must be dismissed for failure to state a claim. FRCP 12(b)(6).

Rojas' claim under the Federal Tort Claims Act (FTCA) fares no better. As the Ninth Circuit has explained, where an action "is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the [FTCA]." *Woodbury v. United States*, 313 F.2d 291, 296 (9th Cir. 1963). Rojas' action is not "essentially" a claim for breach of contract, it is *explicitly* a claim for breach of contract. He has not asserted a cause of action sounding in tort, nor could he. Accordingly, his only recourse is a claim under the Tucker Act, which fails for the reasons set out above.

**4.     Section 1983 Claim**

In his amended complaint, Rojas' also alleges that the various INS officers violated §§ 1983 and 1985 because they failed to obtain hearing transcripts that would support his breach of contract theory, thus constituting an unlawful conspiracy to violate his constitutional rights. Dkt. 3. at 5-8. In order to allege a conspiracy under §§ 1983 and 1985, a plaintiff must show "an agreement or meeting of the minds to violate constitutional

rights." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 441.

Rojas' claim under §§ 1983 and 1985 fails for many of the same reasons as his breach of contract claim. His basic argument is that he began challenging his deportation based on this breach of contract theory in 2001. *Id.* at 5-8. This challenge put the INS on notice that they were to preserve transcripts of the hearing in the event they were sued for monetary damages. *Id.* at 6. In his view, their failure to obtain copies of the transcripts, especially given the agency's close physical proximity to the San Diego Superior Courthouse, directly deprived him of his constitutional rights to assert his claims. *Id.* at 7. Even viewing these facts in the light most favorable to the Plaintiff, the Court is unable to find a cognizable claim. Plaintiff has not provided any authority that a potential government defendant has a duty to obtain a transcript of a plea hearing in anticipation of their defense. And even if the government defendant did obtain copies of those transcripts, it is not clear that they would have a duty to provide a copy of this public record to the potential plaintiff, nor that their failure to do so breaches that plaintiff's constitutional rights. As this Court explained in one of Rojas' prior cases:

> "Federal agencies are not caretakers of state court documents. Improper withholding of a record would, at a minimum, require the agency to have possession of the record requested. Plaintiff provides no basis for an agency to maintain tapes and transcripts of Plaintiff's state court plea proceedings decades after those proceedings took place and years after the state court destroyed those records. Plaintiff's conclusory speculation that an agency possessed these documents is insufficient. An agency cannot improperly withhold a record it has no reason to have."

*Rojas-Vegas v. Cejka*, 2011 WL 2417130, at *3 (S.D. Cal.) (Benitez, J.). Although that opinion concerned a FOIA request, the analysis is the same here. There is no support for Rojas' argument that the INS, a federal agency, violated his constitutional rights by not seeking out and providing to him a copy of his state criminal plea transcript. Because he has not plausibly stated any violation of a constitutional right, he also cannot plausibly

allege a conspiracy to violate a constitutional right. *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."). Plaintiff's claims under §§ 1983 or 1985 must be dismissed.

### 5. Conclusion

For the reasons set forth above, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**. Dkts. 2, 4. However, his First Amended Complaint (Dkt. 3) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. FRCP 12(b)(6). If Plaintiff believes he can correct the problems identified above, he may refile an amended complaint by **October 26, 2018**.

**IT IS SO ORDERED.**

Dated: September 28, 2018

**Honorable Larry Alan Burns**
United States District Judge