# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANY ROJAS-VEGA,<br><br>                          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                          Defendants. | CASE NO. 18cv2114-LAB (MDD)<br><br>**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE [Dkt. 7]** |

On September 11, 2018, Plaintiff Dany Rojas-Vega (Rojas) filed this action against the Bureau of Immigration and Customs Enforcement (ICE), the Immigration and Naturalization Service (INS), and the Department of Homeland Security (DHS), alleging breach of contract related to a 1995 plea bargain in Rojas' state criminal case. He filed a First Amended Complaint several days later (FAC). Because the Court granted Rojas' application to proceed *in forma pauperis*, the Court screened his FAC for sufficiency and found that it failed to state a claim. Dkt. 5. The Court permitted Rojas to file an amended complaint if he believed he could fix the significant deficiencies identified in the Order of Dismissal. Rojas has now filed a Second Amended Complaint (SAC), but it is as deficient as the first and must therefore be dismissed.

Rojas' SAC contains a host of new causes of action, but they all center on the same factual basis, which is detailed in more depth in the Court's previous Order. In short, as part of his 1995 plea bargain in California state court, Rojas pled guilty to

violation of Cal. Health and Safety Code § 11364 (possession of drug paraphernalia). He alleges that this plea deal included a "no troubles ever with INS for that particular conviction" clause, which would have barred INS from instituting deportation proceedings after he finished his sentence. Nonetheless, after his release, INS proceeded to deport him back to his home country of Costa Rica. He claims this constituted a breach of contract. He also alleges that the numerous suits he has filed (which now number at least nine in this Court alone[1]) put the INS on notice that they were to obtain a copy of Rojas' plea transcript. Their failure to obtain and give Rojas a copy of this transcript, in his view, violated his civil rights.

The Court previously dismissed Rojas' FAC, finding that: (1) there was no indication the plea deal at issue involved the United States at all, much less that it contained "unmistakable" terms subjecting the United States to monetary liability in the event of breach; and (2) that the government's failure to obtain a public record (the plea transcript) solely so that Rojas might one day use it to litigate a breach of contract claim against them did not violate his civil rights.

In his SAC, Rojas' claims have morphed slightly but retain the same general character. He alleges that the INS and the State of California conspired to deprive him of access to his plea transcript that might help support him in this breach of contract suit. *See* SAC at 13. He attempted first to obtain the transcript directly from the Superior Court of San Diego County, but discovered through other post-conviction suits that the Superior Court had already destroyed the records, possibly before the expiration of the preservation time required under California law. *Id.* at 12-13. He then tried to obtain the records from the INS, who either did not have them or refused to provide them to Rojas, although it's unclear which it is.

---

[1] *See Rojas-Vega v. Ashcroft, et al.*, 02-cv-2431; *Rojas-Vega v. Ashcroft, et al.*, 02-cv-2509; *Rojas-Vega v. USA*, 03-cv-1054; *Rojas-Vega v. Ridge, et al.*, 03-cv-2429; *Rojas-Vega v. Ashcroft, et al.*, 04-cv-2215; *Rojas-Vega v. Hughes et al.*, 07-cv-1540; *Rojas-Vega v. Cejka, et al.*, 09-cv-2489; *Rojas-Vega v. USCIS*, 13-cv-172.

Although Rojas' claims are not a model of clarity, to the extent he argues a California state officer violated a California record preservation law, this is not the forum to litigate that claim. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). And insofar as he continues to argue that INS violated his rights in failing to obtain a transcript and provide it to him, his claim fails for the reasons stated in the Court's September 28, 2018 Order. As explained in one of Rojas' previous cases before this Court (and reiterated in this Court's previous Order):

> Federal agencies are not caretakers of state court documents. Improper withholding of a record would, at a minimum, require the agency to have possession of the record requested. Plaintiff provides no basis for an agency to maintain tapes and transcripts of Plaintiff's state court plea proceedings decades after those proceedings took place and years after the state court destroyed those records. Plaintiff's conclusory speculation that an agency possessed these documents is insufficient. An agency cannot improperly withhold a record it has no reason to have.

For that reason, Rojas has failed to state a plausible civil rights claim. In addition to the Section 1983 claims held over from his FAC, his SAC now contains a First Amendment and Fifth Amendment claim, but they are all variations on the same argument. No matter how he couches it, he cannot state a civil rights violation against INS or any other federal defendant for failing to obtain and provide to him a public record.

Further, as relevant to his breach of contract claim, Rojas' SAC now concedes that he is unsure whether the plea deal actually had language subjecting the United States to monetary liability in the event of breach. *See* SAC at 15 ("Plaintiff cannot swear that the transcripts containing the literal terms of a plea bargain does contain a unmistakable clause that subjected the United States to monetary damages at the same token he does not swear to the possibility at this point it does not" [sic]). This dooms his case. In its previous Order, this Court found that "[t]here is no indication in the complaint that the plea

deal, which took place in California state court, contained any terms involving the United States, much less that the plea deal contained 'unmistakable language' subjecting the United States to monetary penalties in the event of breach." Dkt. 4 at 4 (quoting *Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001)). To the extent Rojas himself is unsure whether the plea deal contained these terms, the Court will not permit a fishing expedition on already thin ice.

Leave to amend is granted liberally, but not automatically. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013). Here, it appears amendment would be futile given (1) the speculative nature of his claims, (2) his concession that the plea deal may not have terms that would subject the United States to liability for breach of contract, and (3) Rojas' numerous other cases in this Court that have been similarly dismissed. For that reason, Rojas' Second Amended Complaint is **DISMISSED WITH PREJUDICE**. The clerk is directed to close the case. The Court **DENIES AS MOOT** Rojas' Motions to Apply the Mailbox Rule and to Appoint Counsel. Dkt. 7.

**IT IS SO ORDERED.**

Dated: November 1, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge